UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

        Plaintiff,

v.                                       Case No. 15-13221

WILLIAM BOLLE

        Defendant.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

Plaintiff Angela Nails initiated this action on September 11, 2015 against Defendant William Bolle. Plaintiff has also filed an application to proceed *in forma pauperis,* which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

**I. STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon

which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Wershe v. Combs,* 763 F.3d 500, 505 (6th Cir. 2014); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005).

## II.  DISCUSSION

Plaintiff's *pro se* complaint, construed liberally, does not state a claim. Although Plaintiff's complaint is nearly incomprehensible, it appears that Plaintiff seeks $20,000.00, presumably under 42 U.S.C. § 1983, for alleged abuses perpetrated by the state court. As explained below, the court lacks subject matter jurisdiction over this dispute. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine provides that pursuant to 28 U.S.C. § 1257, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). The doctrine reinforces the principle that only the Supreme Court may conduct federal review of state court proceedings*. See, e.g., Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506 (6th Cir. 2000). The doctrine applies equally "in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit to the judicial proceedings of state courts." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

2

The Sixth Circuit has adopted the Eighth Circuit's reasoning for determining whether an action is "inextricably intertwined." *Peterson*, 305 F.3d at 391.  Thus,

> [T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id.* (citations omitted).  "Courts applying the Rooker/Feldman abstention doctrine have done so in two types of cases: (1) cases that constitute a direct attack on the substance of the state court opinion, and (2) cases that challenge the procedures by which a state court arrived at its decision." *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

The court finds that the *Rooker-Feldman* doctrine applies in this case.  Even a generous reading of Plaintiff's *pro se* complaint suggests that she is attacking the merits of the underlying state court decision.  She seems upset that the state court granted her opponent's motion for summary judgment and appears to question its authority to do so. As such, the court will dismiss Plaintiff's complaint for failure to state a claim.

Additionally, it appears, but is not certain, that Defendant is the Honorable William E. Bolle, a retired district court judge of the 52nd District Court of Michigan.  If this is the case, it should be noted that the Supreme Court has repeatedly held that "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue,* 460 U.S. 325, 334 (1983).  Accordingly, Judge Bolle would be absolutely immune from this lawsuit.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt.

3

# 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

                                                   S/Robert H. Cleland  
                                                   ROBERT H. CLELAND  
                                                   UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2016, by electronic and/or ordinary mail.

                                                   S/Lisa Wagner  
                                                   Case Manager and Deputy Clerk  
                                                   (313) 234-5522